UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CHRISTOPHER MORTON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) NO. 3:21-cv-00718 |
| **BEDFORD COUNTY JAIL, et al.,** | ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM OPINION AND ORDER

Christopher Morton, an inmate of the Bedford County Jail in Shelbyville, Tennessee, filed a pro se Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 4).

By Order entered September 28, 2021, the Court found that the IFP application was deficient and denied it without prejudice to refiling within 30 days. (Doc. No. 5). The Court explicitly warned Plaintiff that failure to file a new IFP application or pay the full filing fee within 30 days may result in the dismissal of his lawsuit for want of prosecution and the assessment and collection of the fee from his inmate trust account. (Id. at 2).

Plaintiff's 30-day deadline has passed, and he has failed to file anything further in this case. Dismissal of this action is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order despite having been warned that such failure could lead to dismissal, Choate v. Emerton, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), report and recommendation adopted, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013). Due to Plaintiff's pro se status, as

well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the Court's Order.

The filing fee is nevertheless to be assessed against the prisoner in this circumstance. See In re Prison Litig. Reform Act, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees."). Accordingly, the entire $402 fee is hereby **ASSESSED**, as follows:

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $402 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be

2

Case 3:21-cv-00718 Document 6 Filed 11/15/21 Page 2 of 3 PageID #: 23

submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

    IT IS SO ORDERED.

    _____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE